LINDA M. MORONEY (SBN: 172668)
ALEXANDRA M. ROMERO (SBN: 335570)
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
lmoroney@grsm.com
aromero@grsm.com

*Attorneys for Defendant*
VALGENESIS, INC.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON DOE, an Individual;<br><br>    Plaintiff,<br><br> vs.<br><br>VALGENESIS, INC., a Delaware Corporation; CHRISTOPHER HAYDEN, an individual; and DOES 1 through 50, inclusive;<br>    Defendants. | CASE NO. 5:24-cv-7302<br><br>**DEFENDANT VALGENESIS, INC.'S NOTICE OF REMOVAL**<br><br><br><br>Complaint Filed:  September 10, 2024 in Santa Clara County Superior Court<br>Case No. 24CV447106 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant VALGENESIS, INC., a Delaware Corporation, ("Defendant" or "Valgenesis"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, asserting diversity jurisdiction, pursuant to 28 U.S.C. § 1332, to effect the removal of the above-captioned action. The action was commenced in the Superior Court of the State of California for the County of Santa Clara, and Valgenesis states that the removal is proper for the following reasons:

/ / /

/ / /

-1-
NOTICE OF REMOVAL

## I.  BACKGROUND

On September 10, 2024, Plaintiff Madison Doe ("Doe") filed a Complaint in the Superior Court of the State of California for the County of Santa Clara, Case No. 24CV447106 ("State Action"). Plaintiff's Complaint seeks damages for alleged violations of the California Fair Employment and Housing Act and the California Labor Code. All documents required by 28 U.S.C. § 1446(a) are attached as **Exhibit A.**  Following service, on October 18, 2024, Valgenesis filed its responsive pleadings in the Action. (See **Exhibit B**, Answer.)

## II.  TIMELINESS OF REMOVAL

Valgenesis received and was served with the copy of Plaintiff's Complaint through its registered agent for service on or about September 18, 2024. To the extent that Plaintiff claims that Valgenesis was effectively served, this Notice of Removal is within 30 days of that purported service being deemed complete.

The Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is filed before the expiration of thirty days from service of the Complaint. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (30 day deadline to remove commences upon service of the summons and complaint).

## III.  DIVERSITY JURISDICTION

The Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1), and Valgenesis may remove it from state court to federal court pursuant to 28 U.S.C. § 1441(a), because this action involves a controversy that exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

Plaintiff's Citizenship.   A person's state citizenship is determined by her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. *Id.* Plaintiff acknowledges in her Complaint that she resides in Colorado. (See **Exhibit A**, Complaint ¶¶ 4, 16.)

Valgenesis' Citizenship.   A corporation is a citizen of its state of incorporation and its principal place of business. *Hertz Corp. v. Friend,* 559 U.S. 77 (2010). Here, Valgenesis was

incorporated in Delaware. (See Declaration of Kellie Hart ("Hart Decl."), ¶ 2; **Exhibit 2**, Articles of Incorporation.) Further, Valgenesis' principal place of business is in California. (See Hart Decl., ¶ 3; **Exhibit 3**, Annual Business Tax Certificate.) Accordingly, Valgenesis is not a citizen of Colorado.

Defendant Christopher Hayden's Citizenship.  A person's state citizenship is determined by his state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return. *Id.* While employed with Valgenesis, Mr. Hayden resided in Ireland. (Hart Decl., ¶ 4; **Exhibit 4**, Hayden's Home Insurance Renewal.) In addition, Kellie Hart, VP of Human Resources for Valgenesis, has viewed Mr. Hayden's LinkedIn profile and this profile shows that Mr. Hayden is currently working in Ireland. (Hart Decl., ¶ 5; **Exhibit 5**, Hayden's LinkedIn Profile.) Accordingly, Mr. Hayden is not a citizen of Colorado.

Doe Defendants.  Pursuant to 28 U.S.C. § 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. §1332. *Fristos v. Reynolds Metals Co.* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in the removal petition.) Thus, the existence of Doe defendants 1 through 50 does not deprive this Court of jurisdiction.

Therefore, pursuant to 28 U.S.C. § 132, because Plaintiff is a Colorado citizen; Valgenesis is a citizen of Delaware and California; and Defendant Mr. Hayden is a citizen of Ireland, there is complete diversity.

## IV.  **AMOUNT IN CONTROVERSY**

Plaintiff seeks compensation for all actual damages, economic damages (including, but not limited to, back pay, front pay, and interest), non-economic damages including physical and emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, wage and hour violations, punitive damages, and attorneys' fees and costs. (See **Exhibit A**, Complaint, Prayer for Relief, ¶¶ 1-8.) Thus, the allegations in the Complaint and Plaintiff's other pleadings make it "more likely than not" that the amount in controversy exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398-403-04

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

(9th Cir. 1996) (internal citation omitted).

An action may be removed if the defendant establishes, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007). To establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the defendant must establish that it is "more likely than not" that the amount in controversy exceeds that amount. *Sanchez v. Monumental Life Ins. Co., supra,* 102 F.3d at 404.

In determining the amount in controversy the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998).

Here, Plaintiff is seeking compensation for all actual damages, economic damages (including, but not limited to, back pay, front pay, and interest), non-economic damages including physical and emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, wage and hour violations, punitive damages, and attorneys' fees and costs. (See **Exhibit A**, Complaint, Prayer for Relief, ¶¶ 1-8.) This fact is sufficient to satisfy the jurisdictional amount of $75,000.

**Attorneys' Fees.** Requests for attorneys' fees must be taken into account in ascertaining the amount in controversy. *See Galt G/S,* 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount of controversy, regardless of whether award is discretionary or mandatory). Valgenesis anticipates that the parties will propound and prepare responses to written discovery, that numerous depositions will be taken/defended and prepared for, and that ultimately, one or both parties would file motions for summary judgment. If Plaintiff is successful in her claim, and if her claim for attorneys' fees is tenable, Plaintiff could be entitled to an award of attorneys' fees that itself "more likely than not" would exceed $75,000.

Accordingly, Plaintiff's claim establishes that the amount in controversy more likely than not exceeds $75,000.

## V.  VENUE

Venue lies in this court pursuant to 28 U.S.C. § 1141(a), as Plaintiff originally brought

this action in the Superior Court of the State of California, County of Santa Clara.

**VI. <u>SERVICE OF NOTICE OF REMOVAL</u>**

Notice of this removal will promptly be served on Plaintiff and the Clerk of the Superior Court in and for the County of Santa Clara.

In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings and orders" from the state court action served on Defendant are attached as **<u>Exhibit A</u>**.

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Santa Clara, to the United States District for the Northern District of California.

Dated: October 18, 2024                    GORDON REES SCULLY MANSUKHANI, LLP

By: _____
LINDA M. MORONEY
ALEXANDRA M. ROMERO
*Attorneys For Defendant*
VALGENESIS, INC.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

# Exhibit A

E-FILED
9/10/2024 2:37 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
24CV447106
Reviewed By: M. Arechiga

Aaron B. Fairchild, Esq. (SBN 266205)
Andrew S. Levine, Esq. (SBN 296872)
FAIRCHILD & LEVINE LLP
38 Corporate Park
Irvine, CA 92606
aaron@fairchildlevine.com
drew@fairchildlevine.com
Tel:  (949) 409-9005
Fax:  (949) 208-9780

Attorneys for Plaintiff Madison DOE

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| MADISON DOE, an Individual; | CASE NO.  24CV447106 |
| Plaintiff, | Assigned to:<br>Dept. |
| v. | **COMPLAINT FOR DAMAGES:** |
| VALGENESIS, INC., a Delaware Corporation; CHRISTOPHER HAYDEN, an individual; and DOES 1 through 50, inclusive; | **1.** Retaliation |
| Defendants. | **2.** Discrimination |
| | **3.** Sexual Harassment and/or Failure to Prevent Sexual Harassment |
| | **4.** Sexual Battery |
| | **5.** Constructive Termination in Violation of Fundamental Public Policy |
| | **6.** Unpaid Wages |
| | **7.** Failure to Pay All Minimum Wages |
| | **8.** Failure to Pay All Overtime Wages |
| | **9.** Violations of Unfair Competition Law |
| | **10.** Negligent Hiring, Supervision, and Retention |
| | **<u>Demand for Jury Trial</u>** |

Plaintiff Madison Doe ("Plaintiff") complains and alleges of Defendant Valgenesis, Inc. ("Valgenesis"), Christopher Hayden ("Hayden") and Does 1 to 50 (collectively, "Defendants"), and each of them, as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, section 10, of the California Constitution and Code of Civil Procedure section 410.10 because this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California.

2.    This Court has personal jurisdiction over Defendants because Defendants have caused injuries in the County of San Francisco and the State of California through their acts, and by their violation of California law. Defendants transact significant business within the State of California. Defendants are headquartered within Santa Clara County and/or are otherwise found within the County of Santa Clara, and Defendants are within the jurisdiction of this Court for purposes of service of process. Defendants have consented to the jurisdiction of this Court through their actions in relation to this matter.

3.    Venue as to Defendants is proper in this judicial district, pursuant to section 395 of the Code of Civil Procedure. Defendants operate within California and do business within Santa Clara County, California. The unlawful acts alleged herein have a direct effect on Plaintiff within Santa Clara County, and surrounding counties where Defendants may remotely operate.

## THE PARTIES

### A.    PLAINTIFF

4.    At all relevant times, Plaintiff, who is over the age of 18, experienced the harms described herein while in the State of Colorado, and while working for a company which was headquartered in the State of California.

5.    Plaintiff, at all times pertinent hereto, is or was an employee of Defendant Valgenesis, Inc. during the relevant statutory period.

/ / /

**B.    DEFENDANTS**

6.    Plaintiff is informed and believes and thereon alleges that Defendant Valgenesis, Inc. was authorized to do and was doing business in Santa Clara County and is and/or was the legal employer of Plaintiff during the applicable statutory periods. Plaintiff was, and is, subject to Valgenesis' policies and/or practices complained of herein and has been deprived of the rights guaranteed to her by: Colorado's Wage Order 35 and 36, California Business and Professions Code sections 17200 through 17210 ("UCL") and other California and Colorado laws that may be applicable.

7.    Plaintiff is informed and believes, and based thereon alleges, that at all times pertinent hereto, Defendant Christopher Hayden, was employed by Valgenesis as the Director of Partnerships, a supervisory role. At all relevant times, Hayden was acting on behalf of Valgenesis.

8.    Plaintiff is informed and believes, and based thereon alleges, at all times relevant to the filing of this complaint, Defendants did (and continue to do) business in the State of California, County of Santa Clara.

9.    Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as Does 1 to 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff to be subject to the unlawful employment practices, wrongs, injuries, and damages complained of herein.

10.    Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and/or are the employers of Plaintiff. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants. Furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and

employment. Defendants, and each of them, approved of, condoned, or otherwise ratified every one of the acts or omissions complained of herein.

11.     Plaintiff is informed, believes and thereon alleges that each of the Defendants is the agent, joint venturer, joint employer, and/or employee of each of the remaining Defendants and in doing the things hereinafter alleged, each was acting within the course and scope of said agency, employment and/or joint venture with the advance knowledge, acquiescence or subsequent ratification of each and every remaining Defendant.

12.     Each paragraph in this complaint is incorporated by reference in each other paragraph. Each allegation for each cause of action is incorporated by reference in every other cause of action. Despite the labels on the causes of action and section headings and dividers, the complaint, and the remedies sought are to be read as one unit. To the extent any cause of action stated herein is insufficiently pleaded, but that such lack of sufficiency can be satisfied by other allegations stated in the complaint, that other allegation is incorporated by reference into the insufficient cause of action to cure the insufficiency.

13.     The term "Defendant," whether used in singular or plural, refers to every Defendant named herein unless that Defendant is specifically named and identified.

14.     Plaintiff obtained a "right to sue" letter from the California Civil Rights Department on September 9, 2024.

**GENERAL ALLEGATIONS**

15.     Plaintiff was at all relevant times an employee of Defendants for the purposes of the claims alleged in this complaint.

16.     Specifically, Plaintiff was employed by Defendants within the statutory period, working as a Business Development Representative for Valgenesis, working remotely from Colorado. Plaintiff's duties primarily concerned sales and marketing.

17.     Plaintiff began work for Defendants on August 15, 2022. However, there were delays in setting up her laptop because the India team did not work on Mondays, pushing the setup to the next day. During a Teams call with an IT person in India on August 16, her camera was off, and the

IT person commented that "you are more attractive than you lead on.", which Plaintiff did not respond to.

18.     Plaintiff was initially told she would travel 1-2 times a quarter, up to a maximum of 8 times a year, but ended up traveling much more frequently.

19.     On October 31, 2022, Christopher Hayden, Director of Partnerships ("Hayden"), messaged Plaintiff on LinkedIn for the first time. He later explained that he was at an ISPE conference ("Conference") in Orlando, Florida, and had been out drinking with Danilo Almendarez, Manager of Business Development ("Almendarez") which prompted him to message Plaintiff.

20.     On March 12, 2023, Plaintiff flew to New York City for a conference ("New York Conference"). Although Plaintiff was hired to cover the West Coast, she was asked to attend the New York Conference because of her excellent performance and positive feedback from the CEO and Founder, Siva Samy ("Samy").

21.     Plaintiff met Hayden in person for the first time on April 23, 2023, at the Holiday Inn Times Square. Hayden had suggested she stay at the same hotel, leading Plaintiff to believe others from the company would be staying there as well.

22.     The day before the conference, on April 24, 2023, Hayden asked if he could kiss Plaintiff, and she agreed. Plaintiff returned to her hotel room alone.

23.     The New York Conference began on April 25, 2023. Plaintiff and her team had specific roles, with Plaintiff working the booth and Hayden seeking partnership opportunities. Later that day, they had dinner, during which Sunil Patel, Director of Product Management ("Patel") appearing intoxicated, joined them and made concerning statements about company plans, including plans to terminate the majority of the Business Development team, including her own members. Once again, Hayden asked to kiss Plaintiff, and they agreed to spend the night together.

24.     At this time, Plaintiff expressed concern regarding an inter-company relationship, but Hayden assured her that because neither directly reported to the other, the relationship would be sanctioned.

25.     On April 26, 2023, Daniela Santos, Vice President of Sales ("Santos"), warned Plaintiff that Patel smelled of alcohol. Plaintiff confirmed this and noticed that Patel wore the same

clothes as the previous day. Patel then pressured Plaintiff to attend a happy hour event and asked her to go to a bar with him. Feeling uncomfortable, Plaintiff declined. Patel responded aggressively to her rejection, stating that it was Plaintiff's job to go, and continued to pressure her. Shaken, Plaintiff declined again. Unsettled by his behavior, Plaintiff later reported the incident to Hayden.

26.     Despite living in different countries, and an 11-year age gap, Plaintiff and Hayden started dating a few weeks later. Hayden confirmed with Plaintiff that the relationship wouldn't breach company policy, and Hayden stated that no disclosure to HR was necessary since there was no direct report. Plaintiff trusted Hayden's judgment, as Plaintiff was an entry-level employee, and Hayden was a Director of the Company.

27.     During the week of May 1, 2023, HR launched an investigation into Patel's behavior at the conference. Plaintiff shared details with HR of her interactions with Patel's behavior and intoxicated state. Patel called Plaintiff on Teams with accusations of reporting him to HR for being intoxicated at the conference, despite Plaintiff's verbal discomfort. Plaintiff reported this call to HR, who did not provide any follow-up.

28.     On May 17, 2023, Hayden visited Plaintiff in Denver, using company money for his flight. Hayden displayed aggressive behavior during his visit, yelling and screaming at Plaintiff until she began to cry. Because Hayden considered this a "work trip", Plaintiff did not feel comfortable asking him to leave.

29.     From May 21, 2023, to May 22, 2023, Plaintiff attended the Valgenesis Lunch and Learn in San Diego. Despite not being invited, Hayden joined Plaintiff on this work trip.

30.      Hayden's presence on this trip caused confusion among colleagues, as he was not required to be there. He behaved aggressively toward Plaintiff, making Plaintiff and their colleagues uncomfortable.

31.     From May 23, 2023, to May 24, 2023, Plaintiff attended another Lunch and Learn in San Francisco, to which Hayden also attended.

32.     Hayden allegedly failed to book a hotel room, resulting in him staying in Plaintiff's room, which made her uncomfortable. Again, as this was considered a work trip, Plaintiff felt pressured and unsure about her ability to tell Hayden to leave.

33.     Hayden's inappropriate and obsessive behavior continued, wherein he unilaterally disclosed their relationship to Steven Thompson, Director of Industry Solutions ("Thompson"), Hayden told Thompson that he wanted to "marry her" and that Plaintiff was "obsessed" with him behind closed doors.

34.     This discussion was humiliating, adding pressure on Plaintiff in both her personal and professional life. Hayden compounded this humiliation by publicly groping Plaintiff, causing Plaintiff to experience a panic attack due to the stress.

35.     From May 31, 2023, to June 2, 2023, Plaintiff traveled to Tampa to give sales pitches to the C-Suite within the Company for which the team had limited preparation. Plaintiff faced technical questions she was unprepared for, and not qualified to answer, causing significant stress and another panic attack. Other employees were not bombarded with incompatible questions as Plaintiff was, causing Plaintiff to feel attacked and belittled.

36.     Plaintiff had a discussion with Kevin Potts, CMO "Potts" regarding the meeting, and the clear disparate treatment Plaintiff encountered. Potts stated that he believed Plaintiff was treated differently because of her sex.

37.     Plaintiff also discussed the sales pitch meeting with Hayden, where he informed Plaintiff that Steven Franckhauser, and Chief Legal Counsel ("Franckhauser"), called her "easy on the eyes", which Hayden used as his rationale for disclosing their relationship to Franckhauser.

38.     Due to the treatment Plaintiff was receiving in her personal and professional life, Plaintiff had a severe panic attack, requiring medical intervention. Following this, Plaintiff eventually decided to stay with family in Denver due to the severity of the attack. Plaintiff was subsequently diagnosed with anxiety and has been in therapy ever since.

39.     At this time, Plaintiff limited contact with Hayden during the attack, which resulted in his anger and disappointment.

40.     Plaintiff had plans to break up with Hayden, however Hayden was promoted to Plaintiff's supervisor's supervisor. Hayden had been making a large effort toward moving into this position without discussing the move with Plaintiff. Plaintiff was under the impression that this

would greatly jeopardize their relationship, as Hayden would become within Plaintiff's chain of command.

41.     Accordingly, on July 11, 2023, Plaintiff broke up with Hayden. Despite agreeing to keep things professional, Hayden continued to contact her about their relationship, expressing that he was "not okay" after the split. Plaintiff was very concerned as to how this was going to affect her professionally, which unsettled her greatly and agitated her newly diagnosed anxiety.

42.     From July 11, 2023, to August 15, 2023, Hayden harassed Plaintiff over Teams, stating that the CEO "hates" Plaintiff, and that "only he could give Plaintiff the mentorship she deserves" to help her keep her job. He would say that he "can't protect Plaintiff's job anymore but would do everything he could to help".

43.     Hayden eventually admitted that this was a scare tactic to undermine Plaintiff's confidence and get Plaintiff to talk to him since would only speak to him in a professional capacity. Hayden continued his harassment, insisting on after-hours communication, leveraging their past relationship.

44.     During the week of July 31, 2023, Hayden promised Plaintiff a promotion to keep Plaintiff at the company, despite the promotion being one Plaintiff was unqualified for and not comfortable taking. Hayden helped prepare her for the interview and claimed he was speaking with the department on her behalf.

45.     Ultimately it was revealed that Hayden fabricated the promotion opportunity entirely.

46.     From August 15, 2023, to August 18, 2023, Plaintiff traveled to Tampa for training and team building ("Tampa trip"), which was strangely uncoordinated and unstructured. The trip seemed unnecessary.

47.     Daniel Sutter, BDR, ("Sutter") informed Plaintiff that the entire trip was planned by Hayden as an attempt to reconcile with Plaintiff.

48.     During a dinner on this trip, Plaintiff was told that Hayden tried to sleep with several other female employees in the office.

49.     Hayden eventually pulled Plaintiff aside and screamed at her, calling Plaintiff derogatory names, such as "bitch". Plaintiff removed herself from the situation, and was immediately approached by Almendarez, who appeared intoxicated. During their conversation, he was placing himself extremely close. He informed her that Plaintiff was only hired for her attractiveness. Almendarez hugged and kissed her cheek.

50.     Plaintiff returned to her hotel room with another man, who was uninvolved with the company.

51.     That night, August 16, 2024, inside her hotel room, Plaintiff awoke from dead sleep to find Hayden on top of her, having sexual intercourse with her without her consent.

52.     Plaintiff has no recollection of Hayden entering her room and is unaware of how Hayden entered without Plaintiff's assistance. Afterward, Plaintiff ejected Hayden from the room.

53.     The next morning, Hayden attempted a conversation regarding the sexual intercourse, which Plaintiff refused. However, Plaintiff expressed discomfort with Almendarez to Hayden, as Hayden was her supervisor, which Hayden assured her would be handled.

54.     During a team meeting, Almendarez was reassigned, as not only was Plaintiff uncomfortable, Almendarez had been at a strip club the night before. This did not prevent Almendarez from calling Plaintiff repeatedly, despite Plaintiff's direction that he call Hayden if he needed assistance.

55.     Hayden confirmed in person that the entire trip was a ploy to reconcile with Plaintiff and continue their relationship. Hayden then continued to repeatedly call Plaintiff that evening.

56.     Hayden continued to beg to reconcile throughout the next few months, continuing to offer false job opportunities and expressing disappointment regarding the breakup. Almendarez was terminated.

57.     On October 6, 2023, Plaintiff received a calendar invite to talk to Kellie Hart, VP of Human Resources ("Hart"), about the Tampa trip. She discussed her interactions with Almendarez, and her relationship with Hayden. Hart was shocked and expressed that none of this has been handled properly by HR.

58.     Later, Hart asked if Plaintiff had hooked up with Hayden during the Tampa trip, which Plaintiff denied, considering no consent was involved with Hayden's sexual assault.

59.     On October 31, 2023, Hayden was fired from the company. Hayden's replacement, which ended up being Hayden's supervisor, who left the team functionally unmanaged. This lasted through the end of Plaintiff's employment.

60.     Plaintiff's last day was during the first week of January 2024. Since leaving the company, Hayden has continued to contact Plaintiff, sending inappropriate messages.

61.     Plaintiff is informed and believes, and on that basis alleges, that several individuals in key positions at Valgenesis, and on behalf of the company, knew about the sexual harassment and retaliation and ratified the conduct.

62.     Throughout the course of her employment, Plaintiff was paid a salary, notwithstanding the fact that she qualified for no exemption under Colorado substantive law.

63.     Consequently, Defendants failed to appropriately track her hours, and she was not paid at least a minimum wage for all time worked in violation of Colorado Wage Order #38.

64.     Moreover, Plaintiff was also not paid for all hours worked that should have been compensated at 1.5 times the regular rate, also in violation of Colorado Wage Order #38.

**A.**          **CAUSES OF ACTION**

**First Cause of Action**
*Retaliation*
*(Against Defendant Valgenesis, Inc. only)*

65.     Plaintiff realleges and incorporates by reference all previous paragraphs.

66.     Plaintiff was an employee of Defendants.

67.     Plaintiff engaged in the above-described protected activities.

68.     Defendants retaliated against Plaintiff by subjecting Plaintiff to the above-described adverse employment action(s), and Plaintiff's engagement in the above-described protected activities, were substantial motivating reasons for Defendants taking the above-described adverse employment action(s) against Plaintiff.

69.     Defendants' unlawful conduct was a substantial factor in causing harm to Plaintiff.

10
COMPLAINT FOR DAMAGES

70.     As a proximate result of Defendants' willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental pain and anguish.

71.     Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, and/or fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

72.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and costs. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

**<u>Second Cause of Action</u>**
*Discrimination*
*(Against Defendant Valgenesis, Inc. only)*

73.     Plaintiff realleges and incorporates by reference all preceding paragraphs.

74.     Defendants engaged in the above-described adverse employment actions against Plaintiff in substantial part due to her protected characteristics under applicable law.

75.     Plaintiff engaged in protected activities throughout her employment with Defendants, including but not limited to reporting and assisting with investigations of sexual harassment within her working environment.

76.     Defendants discriminated against Plaintiff by subjecting Plaintiff to the above-described adverse employment actions, and Plaintiff's protected activities were a substantial motivating reason for Employer Defendants taking the above-described adverse employment actions against Plaintiff.

77.     Employer Defendants' unlawful conduct was a substantial factor in causing harm to Plaintiff.

78.     As a proximate result of Employer Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental pain and anguish.

79.     Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, and/or fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

80.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and costs. Pursuant to California Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

### Third Cause of Action
*Sexual Harassment and/or Failure to Prevent Sexual Harassment*
*(Against All Defendants)*

81.     Plaintiff realleges and incorporates by reference all preceding paragraphs.

82.     Plaintiff was severely sexually harassed by a supervisor to the point that it created a work environment that was hostile, intimidating, offensive, oppressive, and abusive.

83.     Any similarly situated, reasonable individual would have found the work environment likewise hostile.

84.     As a direct and proximate result of Defendants' actions, Plaintiff sustained and continues to sustain damages, including harms associated with humiliation, emotional distress, mental and physical anguish, and other related ailments, all in a sum according to proof at trial.

85.     Defendants' behavior was undertaken intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

86.     Plaintiff is informed and believes and, on that basis, alleges that individuals within the state of California, including corporate officer and human resource professionals, participated in the ratification of the conduct.

87.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and costs. Pursuant to California Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

### Fourth Cause of Action
*Sexual Battery*
*(Against all Defendants)*

88.     Plaintiff realleges and incorporates by reference all preceding paragraphs.

89.     Defendant Hayden made sexually offensive contact with Plaintiff's intimate parts.

90.     Plaintiff did not consent to this contact.

91.     By engaging in the acts as described herein, Defendant Hayden committed sexual battery within the meaning of Cal. Civil Code 1708.5 and Colorado Revised Statutes §13-21-120.

92.     Defendant Valgenesis and DOES 1-50, upon learning of Hayden's inappropriate conduct committed against Plaintiff and others, elected not to immediately terminate his employment, but rather decided to mete out some lesser form of discipline so they could hide Hayden's sexual misconduct and continue to retain his services, and thereby subjected other women to the danger of his predatory proclivities.  By so doing, Defendants ratified Hayden's conduct.

93.     As a direct and proximate result of Defendants' actions, Plaintiff sustained and continues to sustain damages, including harms associated with humiliation, emotional distress, mental and physical anguish, and other related ailments, all in a sum according to proof at trial.

94.     Defendants' behavior was undertaken intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**Fifth Cause of Action**
*Constructive Termination in Violation of Public Policy*
*(Against Defendant Valgenesis, Inc. only)*

95.     Plaintiff realleges and incorporates by reference all previous paragraphs.

96.     Despite Plaintiff's reports of harassment and inappropriate behavior to HR and her supervisors, Defendants failed to take adequate action to address her concerns. Instead, Defendants allowed the harassment and retaliation to continue, creating an intolerable working environment.

97.     As a result of the ongoing harassment, intimidation, and failure to address her complaints, Plaintiff was forced to resign from her position. The working conditions were so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

98.     As a direct and proximate result of Defendants' actions, Plaintiff sustained and continues to sustain damages, including lost wages and benefits, and harms associated with humiliation, emotional distress, mental and physical anguish, and other related ailments, all in a sum according to proof at trial.

99.     Defendants' behavior was undertaken intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**Sixth Cause of Action**
*Unpaid Wages*
*(Against Defendant Valgenesis, Inc. only)*

100.    Plaintiff realleges and incorporates by reference all previous paragraphs.

101.    Plaintiff is owed wages in the form of unpaid minimum wages, unpaid overtime wages, unpaid meal break premiums, and unpaid rest break premiums.

102.    Defendants failed to pay Plaintiff all wages she was owed.

103.    As a direct and proximate result of Defendants' actions, Plaintiff sustained and continues to sustain damages according to proof at the time of trial.

**Seventh Cause of Action**
*Failure to Pay All Minimum Wages*
*(Against Defendant Valgenesis, Inc. only)*

104.    Plaintiff realleges and incorporates by reference all previous paragraphs.

105.    Here, Defendants failed to fully conform their pay practices to the requirements of the law during the relevant statutory periods. Plaintiff was not compensated for all hours worked including, but not limited to, all hours she was subject to the control of Defendants and/or suffered or permitted to work under the law.

106.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff has sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and he is entitled to recover economic and statutory damages and penalties and other appropriate relief because of Defendants' violations of Colorado law.

107.    Defendants' practices and policies regarding illegal employee compensation are unlawful and create an entitlement to recovery by Plaintiff in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, attorney's fees, and costs of suit pursuant to Colorado law.

/ / /

14
COMPLAINT FOR DAMAGES

### Eighth Cause of Action
*Failure to Pay All Overtime Wages*
*(Against Defendant Valgenesis, Inc. only)*

108.    Plaintiff realleges and incorporates by reference all previous paragraphs.

109.    This cause of action is brought pursuant to Colorado law, which provide that non-exempt employees are entitled to overtime wages for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

110.    At all times relevant herein, Defendants were required to properly pay Plaintiff for all overtime wages earned. Defendants caused Plaintiff to work overtime hours but did not compensate her at one and one-half times her regular rate of pay for such hours in accordance with Colorado law. Likewise, Defendants caused Plaintiff to work double-time hours but did not compensate her at twice her regular rate of pay for such hours.

111.    Defendants failed to fully conform their pay practices to the requirements of the law. This unlawful conduct includes but is not limited to Defendants' uniform and unlawful pay policies and practices of failing to accurately record all the time that non-exempt employees were under the supervision and control of Defendants. The foregoing policies and practices are unlawful and allow Plaintiff to recover in a civil action the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Colorado law.

### Ninth Cause of Action
*Violations of Unfair Competition Law*
*(Against Defendant Valgenesis, Inc. only)*

112.    Plaintiff realleges and incorporates by reference all previous paragraphs.

113.    Defendants have engaged and continue to engage in unfair and/or unlawful business practices in violation of California law, by committing the unlawful acts described above. Defendants' utilization of these unfair and unlawful business practices deprived and continue to deprive Plaintiff of compensation to which she is legally entitled. These practices constitute unfair and unlawful competition and provide an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

114. Because Plaintiff is a victim of Defendants' unfair and unlawful conduct alleged herein, Plaintiff seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted.

115. The acts complained of herein occurred within the four years prior to the initiation of this action and are continuing into the present and ongoing.

116. Plaintiff was compelled to retain the services of counsel to file this Court action to protect her interests, to obtain restitution and injunctive relief on behalf of Defendants' current non-exempt employees and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which Plaintiff is entitled to recover under California Code of Civil Procedure section 1021.5.

**Tenth Cause of Action**
*Negligent Hiring, Supervision, and Retention*
*(Against Defendant Valgenesis, Inc. only)*

117. Plaintiff realleges and incorporates by reference all preceding paragraphs.

118. Defendants Hayden and DOES 1 through 50 were unfit for employment at all relevant times, given their propensity to harass and assault female coworkers.

119. Defendants knew or should have known of the employee's dangerous tendencies, unfitness for duty, and the lack of supervision of said employee, given the amount of complaints and reports of serious and significant injury made by affected coworkers, as well as by Plaintiff.

120. Defendants' negligent decision to hire, supervise, and retain such an unfit person created a significant risk to its female employees, and in fact was a substantial factor in causing the severe harm to Plaintiff.

121. As a direct and proximate result of Defendants' actions, Plaintiff sustained and continues to sustain damages, including harms associated with humiliation, emotional distress, mental and physical anguish, and other related ailments, all in a sum according to proof at trial.

## II.    DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of Plaintiff's claims against Defendants.

/ / /

### III.    <u>**PRAYER FOR RELIEF**</u>

Plaintiff prays for judgment for herself and for all others on whose behalf this suit is brought against Defendants, as follows:

1.    Defendants compensate Plaintiff for all actual damages caused by their violations of law, including the California Fair Employment and Housing Act and the Colorado Wage Orders.

2.    An award against Defendants in favor of Plaintiff for Plaintiff's economic damages, including but not limited to back pay, front pay, and interest.

3.    An award of compensatory damages against Defendants in favor of Plaintiff for non-economic damages including physical and emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life.

4.    An award of all legally available penalties for wage and hour violations under Colorado law.

5.    An award of punitive Damages against Defendants and in favor of Plaintiff for Defendants' malicious and/or reckless disregard of Plaintiff's right to work in an environment free from sexual harassment.

6.    For an order publicly enjoining Defendants from engaging in or permitting further violations of the Fair Employment and Housing Act and the Unfair Competition Law.

7.    An award of attorneys' fees and costs, as allowed by law.

8.    For all such other and further relief this Court may deem just and proper.


DATED: September 10, 2024          FAIRCHILD & LEVINE LLP


                                   By: *Andrew S. Levine*
                                       _____
                                       ANDREW S. LEVINE
                                       Attorney for Plaintiff Madison DOE

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

VALGENESIS, INC., a Delaware Corporation; CHRISTOPHER
HAYDEN, an individual; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MADISON DOE, an Individual

E-FILED
9/10/2024 2:37 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
24CV447106
Reviewed By: M. Arechiga
Envelope: 16563461

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of Santa Clara County<br>201 N. First Street, Suite 3<br>San Jose, CA  95113 | CASE NUMBER:<br>*(Número del Caso):*<br><br>**24CV447106** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew S. Levine, Esq., SBN 296872   (949) 409-9005
Fairchild & Levine LLP, 38 Corporate Park, Irvine, CA 92606

| DATE:<br>*(Fecha)* | 9/10/2024 2:37 PM   Clerk of Court | Clerk, by<br>*(Secretario)* | M. Arechiga | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

24CV447106
Santa Clara – Civil

T. Phan

| Attorney or Party without Attorney:<br>Andrew S. Levine, Esq. (SBN 296872)<br>FAIRCHILD & LEVINE LLP<br>38 Corporate Park<br>Irvine, CA 92606 | *For Court Use Only* |
|---|---|
| Telephone No:   (949) 409-9005 | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 9/23/2024 4:30 PM<br>Reviewed By: T. Phan<br>Case #24CV447106<br>Envelope: 16713067** |
| Attorney For:   Plaintiff | |

*Ref. No. or File No.:*
MADISON DOE V VALGENESIS

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF SANTA CLARA

*Plaintiff:*   MADISON DOE, an Individual
*Defendant:*   VALGENESIS, INC., a Delaware Corporation, et al.

| **PROOF OF SERVICE<br>SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>24CV447106 |
|---|---|---|---|---|

1.   *At the time of service I was at least 18 years of age and not a party to this action.*

2.   I served copies of the Summons; Complaint; Civil Case Cover Sheet; Civil Lawsuit Notice; Alternative Dispute Resolution Information Sheet

3.   *a.*   *Party served:*   VALGENESIS, INC., a Delaware Corporation
     *b.*   *Person served:*   Jennifer Lee, Person Authorized to Accept Service for INCORPORATING SERVICES, LTD., Agent for Service of Process

4.   *Address where the party was served:*   7801 Folsom Boulevard #202, Sacramento, CA 95826

5.   *I served the party:*
     a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Wed, Sep 18 2024 (2) at *(time)*: 10:05 AM
     (1)   [X]   **(business)**
     (2)   [ ]   **(home)**
     (3)   [ ]   **(other) :**

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
     a.   [ ]   as an individual defendant.
     b.   [ ]   as the person sued under the fictitious name of *(specify)*:
     c.   [ ]   as occupant.
     d.   [X]   On behalf of *(specify)*:   VALGENESIS, INC., a Delaware Corporation
          under the following Code of Civil Procedure section:
          [X]   416.10 (corporation)                    [ ]   415.95 (business organization, form unknown)
          [ ]   416.20 (defunct corporation)            [ ]   416.60 (minor)
          [ ]   416.30 (joint stock company/association) [ ]   416.70 (ward or conservatee)
          [ ]   416.40 (association or partnership)     [ ]   416.90 (authorized person)
          [ ]   416.50 (public entity)                  [ ]   415.46 (occupant)
          [ ]   other:



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*11821030
(12103625)*
Page 1 of 2

| Plaintiff: | MADISON DOE, an Individual | Case Number: |
|---|---|---|
| Defendant: | VALGENESIS, INC., a Delaware Corporation, et al. | 24CV447106 |

Recoverable cost Per CCP 1033.5(a)(4)(B)

**7.** **Person who served papers**
   a.  Name:              Nancy Graddy
   b.  Address:          **FIRST LEGAL**
                              600 W. Santa Ana Blvd., Ste. 101
                              SANTA ANA, CA 92701
   c.  Telephone number:    (714) 541-1110
   d.  **The fee** for service was:   $119.90
   e.  I am:
       (1)  ☐  not a registered California process server.
       (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
       (3)  ☒  a registered California process server:
           (i)  ☐ owner  ☐ employee  ☒ independent contractor
           (ii)  Registration No:   04-010
           (iii)  County:   Placer

**8.** *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| 09/18/2024 | *N. graddy* |
|---|---|
| *(Date)* | *Nancy Graddy* |

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*11821030
(12103625)*
Page 2 of 2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Andrew Levine, 296872<br>38 Corporate Park<br>Irvine, CA 92606<br><br>TELEPHONE NO.: (949) 409-9005     FAX NO.: (949) 208-9780<br>EMAIL ADDRESS: drew@fairchildlevine.com<br>ATTORNEY FOR *(Name):* Plaintiff Madison DOE | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 9/10/2024 2:37 PM<br>Reviewed By: M. Arechiga<br>Case #24CV447106<br>Envelope: 16563461** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara |
|---|
| STREET ADDRESS: 201 N. First St. Ste 3 |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Jose 95113 |
| BRANCH NAME: Santa Clara |

| CASE NAME: |
|---|
| Madison DOE vs. Valgenesis, Inc. |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | ☐ Counter    ☐ Joiner<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24CV447106 |
| | | | JUDGE: |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel<br>issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more<br>courts in other counties, states, or countries, or in a federal<br>court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: Sept 9, 2024
Andrew Levine
_____       ►       _____
(TYPE OR PRINT NAME)                             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to
  the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. **Page 1 of 2**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
        Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic
        relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

# Exhibit B

1  LINDA M. MORONEY (SBN: 172668)
   ALEXANDRA M. ROMERO (SBN: 335570)
2  GORDON REES SCULLY MANSUKHANI, LLP
   315 Pacific Avenue
3  San Francisco, CA 94111
   Telephone:  (415) 986-5900
4  Facsimile:  (415) 986-8054
   lmoroney@grsm.com
5  aromero@grsm.com

6  *Attorneys for Defendant*
   VALGENESIS, INC.

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SANTA CLARA

10

11  MADISON DOE, an Individual;          )   CASE NO. 24CV447106
                                         )
12                                       )   **DEFENDANT VALGENESIS, INC.'S**
                  Plaintiff,             )   **ANSWER TO COMPLAINT**
13                                       )
          vs.                            )
14                                       )
    VALGENESIS, INC., a Delaware         )
15  Corporation; CHRISTOPHER HAYDEN,     )
    an individual; and DOES 1 through 50,)
16  inclusive;                           )
                                         )
17               Defendants.             )   Complaint Filed  September 10, 2024
    _____)

18

19        Defendant  VALGENESIS,  INC.  ("Defendant")  hereby  answers  the  Complaint  for

20  Damages ("Complaint") filed by Plaintiff MADISON DOE ("Plaintiff") as follows:

21                            **GENERAL DENIAL**

22        Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d),

23  Defendant generally and specifically denies each and every allegation contained in Plaintiff's

24  Complaint, and specifically denies that Plaintiff was damaged in the sum alleged or in any sum,

25  or at all, by reason of any conduct on the part of Defendant, its officers, agents or employees.

26                          **AFFIRMATIVE DEFENSES**

27        Defendant asserts the following separate and independent affirmative defenses and prays

28  for judgment as set forth below. Defendant has not yet completed a thorough investigation or

                                      -1-
    _____
                         ANSWER TO COMPLAINT

undertaken discovery of the facts and circumstances of the subject matter of the Complaint, and accordingly, reserves the right to amend, modify, revise or supplement this Answer, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon further investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Plaintiff's Complaint, and each purported cause of action set forth therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff is not entitled to relief because Plaintiff failed to mitigate and/or to attempt to mitigate her damages, if any, and therefore any recovery by Plaintiff must be reduced or barred.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's Complaint, and each purported cause of action set forth therein, fails because they are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

### (Plaintiff's Conduct)

Plaintiff's Complaint, and each purported cause of action set forth therein, are barred because any damages that Plaintiff has suffered or will suffer are a result of her own conduct, and not the result of any conduct by Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's Complaint, and each purported cause of action set forth therein, is barred by the doctrine of unclean hands.

///

-2-

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's Complaint, and each purported cause of action set forth therein, are barred by reason of Plaintiff' own actions, and Plaintiff is estopped from proceeding with her claims.

## SEVENTH AFFIRMATIVE DEFENSE

### (Conduct Reasonable and Necessary)

Plaintiff's Complaint, and each purported cause of action set forth therein, are barred because Defendant's conduct was at all times reasonable, in complete good faith, based upon good cause and undertaken pursuant to the terms of the applicable laws and regulations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant has at all times acted in good faith and has not violated any rights which may be available to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's Complaint, and each purported cause of action set forth therein, are barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff has unreasonably delayed in asserting her legal rights against Defendant and all of her claims are barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Plaintiff's Complaint, and each cause of action contained therein, is barred by the doctrine of after-acquired evidence.

## TWELFTH AFFIRMATIVE DEFENSE

### (Administrative Remedies)

Plaintiff's Complaint, and each cause of action contained therein, is barred because

-3-

Plaintiff failed to exhaust her administrative remedies.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Reasonable Wages/ Quantum Meruit)**

Defendant alleges that the actual payments paid to Plaintiff, which is the subject of this action, were reasonable, appropriate, and commensurate with the services and work actually performed.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Compliance with Law)**

Defendant alleges that any recovery on Plaintiff's Complaint, or any cause of action contained therein, may be barred by Defendant's compliance or substantial compliance with all applicable laws underlying Plaintiff's claim of unfair or unlawful business practices pursuant to California Business & Professions Code section 17200. Accordingly, Defendant's business practices were not unfair or unlawful within the meaning of California Business & Professions Code section 17200.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Unlawful/Unfair Practices)**

Defendant alleges that its business practices are not unlawful and/or unfair within the meaning of Business and Professions Code section 17200. The utility of any such practice outweighs any potential harm.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Business Judgment Rule)**

Defendant alleges that any recovery on Plaintiff's Complaint, or any cause of action contained therein, may be barred by the Business Judgment Rule applicable to claims of unlawful business practices under Business and Professions Code section 17200.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Business Justification Defense)**

Defendant alleges that any recovery on Plaintiff's Complaint, or any cause of action contained therein, may be barred by the business justification defense applicable to claims of

-4-

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

unlawful business practices under Business and Professions Code section 17200.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Accurately Report Hours Worked)

Defendant alleges Plaintiff did not accurately report the hours for which she seeks allegedly unpaid wages and penalties; therefore, Plaintiff is barred from seeking to recover any such amounts from Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Payment and Release)

Defendant alleges that Plaintiff was paid in full and therefore Defendant is released from any and all continuing obligations to her.

### RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely upon any additional affirmative defense that becomes available or apparent during discovery and thus reserves the right to amend its answer to assert such additional defenses as discovery proceeds.

WHEREFORE, Defendant prays as follows:

1.     That Plaintiff's Complaint, and the whole thereof, be dismissed with prejudice;

2.     That Plaintiff takes nothing by reason of the Complaint;

3.     That judgment is rendered in favor of Defendant and against Plaintiff,

4.     That Defendant be awarded its attorneys' fees and costs of suit incurred in defense of this action; and

5.     For such other relief as the Court deems just and proper.

### JURY TRIAL DEMANDED

Defendant demands a trial by jury.

Dated:  October 18, 2024          GORDON REES SCULLY MANSUKHANI, LLP


By:  _____
     LINDA M. MORONEY
     ALEXANDRA M. ROMERO
     *Attorneys For Defendant*
     VALGENESIS, INC.

-5-

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**PROOF OF SERVICE**

Madison Doe *v.* Valgenesis, Inc., et al.
*Santa Clara County Superior Court, Case No.* 24CV447106

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani, LLP 315 Pacific Avenue, San Francisco, CA 94111.  On the date set forth below, I served the within documents:

**DEFENDANT VALGENESIS, INC.'S ANSWER TO COMPLAINT**

☒ **Via E-Mail**:  by transmitting via electronic mail the document(s) listed above to the email address(es) set forth below.

☐ **Via Hand**:  by causing the document(s) listed above to be hand delivered to the person(s) at the address(es) set forth below.

☐ **Via Fed Ex**:  by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon Rees Scully Mansukhani, LLP described below, addressed as follows:

☐ **Via U.S. Mail**:  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

**Attorneys for Plaintiff:**
Aaron B. Fairchild
Andrew S. Levine
FAIRCHILD & LEVINE LLP
38 Corporate Park
Irvine, CA 92606

Tel: (916) 409-9005
Fax: (916) 208-9780
Emails: aaron@fairchildlevine.com
drew@fairchildlevine.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on October 18, 2024 at Carmichael, California.

_____
Diana Novoa